IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD BLACKER, | ) |
| | ) |
| Plaintiff, | ) |
| | )  No.  CV-08-977-HU |
| v. | ) |
| SPRING HARBOR SENIOR LIVING, | ) |
| LLC, an Oregon Limited | ) |
| Liability Company; JON M. | ) |
| HARDER; and DARRYL E. FISHER, | )  OPINION & ORDER |
| | ) |
| Defendants. | ) |

Gary I. Grenley
Paul H. Trinchero
Grenley, Rotenberg, Evans, Bragg & Bodie, PC
1211 S.W. Fifth Avenue, Suite 1100
Portland, Oregon 97204
    Attorneys for Plaintiff

James Streinz
MCEWEN GISVOLD, LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland, Oregon 97204
    Attorney for Defendants

BROWN, District Judge:

Plaintiff Richard Blacker brings this breach of contract action against defendants Spring Arbor Senior Living, LLC (Spring Arbor), Jon Harder, and Darryl Fisher. Blacker moves for summary judgment on the breach of contract claims. The case has been stayed

1 - OPINION & ORDER

with regard to Harder due to his bankruptcy filing on December 31, 2008. With that one exception, I grant the motion.

BACKGROUND

Pursuant to Local Rule 56.1(f), the facts asserted by Blacker in his summary judgment motion, and supported by the Declaration of Gary I. Grenley and accompanying exhibits, are deemed admitted by Fisher and Spring Arbor because those defendants failed to respond to those asserted facts. Thus, the well-pleaded factual allegations in the Complaint regarding those defendants' liability are also deemed true. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

Blacker lent $100,000 to Spring Arbor at the request of Harder and Fisher. Spring Arbor executed a Promissory Note in favor of Blacker for the sum of $100,000, plus interest at the rate of 12% per annum, with monthly interest payments due until the loan was payable in full. Grenley Declaration, Exhibit 1. As further consideration for the loan, Harder and Fisher each signed a Personal Guaranty for the Promissory Note. Id. at Exhibit 2. Spring Arbor failed to make the interest payment due on July 10, 2008, and a Notice of Default was given to each defendant on July 30, 2008. Id. at Exhibit 3. No further payments were made; consequently, the full, unpaid balance of the Promissory Note became due and payable, including an obligation under the terms of the Promissory Note to pay default interest at the rate of 15% per annum, on July 30, 2008. Id. at Exhibit 1, Section 5. The terms of the Promissory Note and the Personal Guaranty provide for the payment of attorney's fees and costs. Id. at Exhibit 1, Section 10 and Exhibit 2, Section 14.

2 - OPINION & ORDER

Harder filed for bankruptcy on December 31, 2008, and a notice of automatic stay was filed in this Court on January 12, 2009.

## STANDARDS

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987)). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

## DISCUSSION

The record establishes that Spring Arbor and Fisher breached the Note when they failed to make any interest payments after June 2008, and failed to make any payments after receiving the Notice of Default. At that point, under the terms of the Promissory Note, the principal and interest were immediately due and collectible. Blacker is entitled to summary judgment on the breach of contract

3 - OPINION & ORDER

claims against Spring Arbor and Fisher. The motion for summary judgment against Harder is stayed as a result of the bankruptcy.

CONCLUSION

Plaintiff's motion for summary judgment (doc. #15) on the breach of contract claims is GRANTED as to defendants Spring Arbor and Fisher. The motion is STAYED as to defendant Harder. Plaintiff's Motion for Entry of Judgment (incorrectly docketed as Motion for Default Judgment) (doc. #18) and plaintiff's Motion for Entry of Order Granting Plaintiff's Motion for Summary Judgment (doc. #17) are DENIED as moot. A separate Judgment will be entered.

IT IS SO ORDERED.

Dated this  19th day of February, 2009.

/s/ Anna J. Brown

Anna J. Brown
United States District Judge

4 - OPINION & ORDER